Per Curiam.

Upon the evidence of the usage, which was properly adm tted, the jury have, found that this was a cash sale ; and it would embarrass business very much if it were not so considered. The defendants did not intend to allow the purchaser a credit for any length of time. They might have sued him immediately after the delivery of the fruit. Such a sale is no violation of orders to sell for cash, unless it is made to a person in insolvent circumstances, which is not *352 the case here. The letter of the defendants does not mean that they had trusted the purchaser for a week, but that the money would be collected in that time.[1]
It is not necessary to determine whether the defendants had a right to reseize the fruit remaining unsold. They had made a sale to a person in good credit, and they might reasonably expect that he would recover from his illness in a few days, and pay their demand. The Court are all of opinion that they were not bound to run the risk of re-seizing the fruit, but that if they had a right to do so, it was a subject for their discretion whether they would exercise such right. Motion for a new trial overruled.

 See Day v. Noble, 2 Pick. 615; Greely v. Bartlett, 1 Greenl. 172.